**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0372-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GARY VANLEW,

     Defendant-Appellant.

_____

Argued January 9, 2020 – Decided September 16, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment Nos. 15-11-0616 and 15-12-0666.

Douglas R. Helman argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Douglas R. Helman, Assistant Deputy Public Defender, of counsel and on the brief).

Lauren E. Bland argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gary Vanlew appeals from June 30, 2017 judgments of conviction of third-degree shoplifting, N.J.S.A. 2C:20-11(b), and fourth-degree shoplifting, N.J.S.A. 2C:20-11(b), entered with respect to two indictments joined for trial. We affirm.

I.

The following facts are derived from the record. On January 9, 2014, a man approached the manager of GameStop, a video game store in Bernardsville. The manager testified that the man was middle-aged, with salt-and-pepper hair and facial hair, in a baseball cap and that he asked to return previously purchased merchandise. After the manager returned the items for cash, the man asked to buy an item not kept on the retail floor. The manager went to the back room to retrieve the item, which the man bought with the cash he had just received. He placed the item in a bag and left the store.

The manager was later informed merchandise was missing from the store. Video surveillance recordings showed the man walk behind the counter when the manager was in the back room. He grabbed merchandise from the shelves, which he placed in his bag, and took items from a display on his way out of the store. An investigation failed to identify the suspect.

A-0372-17T4

On September 2, 2015, the assistant manager of a GameStop store in Bridgewater noticed a man whose behavior suggested he was shoplifting. The assistant manager notified mall security, relaying that a white, heavyset, middle-aged man wearing a baseball cap, shorts, a white tank top, and flip flops was heading out of the store carrying a GameStop bag. Security officers approached a man who met the description and informed him he was the subject of a complaint by GameStop. They asked him to return to the store to present a receipt for the merchandise he was carrying.

An officer agreed to the suspect's request to make a phone call. The suspect left the bag of merchandise, walked out of the mall, entered a car, and sped off. A license plate search revealed the car had been rented to defendant. Another search produced defendant's New Jersey and Florida driver's licenses with color photographs of a person who matched the description of the suspect. A video surveillance recording from the store showed the man putting merchandise into the bag he was carrying and exiting the store without paying.

The detective who investigated the Bernardsville incident reopened his investigation after being notified of the Bridgewater incident. Using the license plate number of the car fleeing the Bridgewater incident, the detective reviewed a surveillance video recording of the parking lot of the Bernardsville store. The

A-0372-17T4

recording showed the car in the Bernardsville parking lot at the time of the Bernardsville incident. The officer traced the car to a parking space and then traced the driver to the GameStop store.

The officer obtained a photograph of defendant, which he used in a photo array. The store manager identified defendant with what she described as a 100 percent certainty from an array of photographs at the police station.

A grand jury indicted defendant for third-degree shoplifting, N.J.S.A. 2C:20-11(b)(1), for the Bridgewater incident. A month later, defendant was again indicted for third-degree shoplifting, N.J.S.A. 2C:20-11(b)(1), this time for the Bernardsville incident.

The State moved pursuant to Rule 3:15-1(a) to join the indictments for trial, arguing that pursuant to N.J.R.E. 404(b) the evidence relating to each of would be admissible in both trials if the matters were tried separately. Defendant did not file opposition.

On the return date of the motion, defense counsel objected to joinder, arguing the State was, in effect, seeking to use other crimes evidence to show defendant had a propensity to shoplift. The court granted the motion as unopposed and did not issue findings of facts or conclusions of law.

A-0372-17T4

At trial, defendant denied being involved in either incident, arguing he was misidentified as the shoplifter. The manager of the Bernardsville store testified and identified defendant as the shoplifter at her store. The assistant manager of the Bridgewater store also testified and identified defendant as the shoplifter at his store. An employee of the rental car company testified, identifying defendant as the person who rented the car connected to both incidents. The Bernardsville manager's out-of-court identification of defendant was admitted at trial.

The jury found defendant guilty of third-degree shoplifting for the Bernardsville incident and fourth-degree shoplifting for the Bridgewater incident. The differing degrees reflect the jury's valuation of the stolen merchandise. The court sentenced defendant to concurrent terms of 364 days in the county jail and three years of probation.

This appeal follows. Defendant makes the following arguments.

> POINT I
>
> JOINDER OF THE TWO INDICTMENTS FOR TRIAL PREJUDICED MR. VANLEW AND VIOLATED N.J.R.E. 404(B) BECAUSE EVIDENCE OF EITHER EVENT WOULD NOT HAVE BEEN ADMISSIBLE IN SEPARATE PROCEEDINGS.
>
> A. THE 404(B) EVIDENCE WAS NOT INTRODUCED FOR A PROPER PURPOSE, THUS

5

THE JOINDER MOTION FAILED 404(B)'S THRESHOLD INQUIRY.

B.    EVEN IF THE COURT FINDS THAT THE EVIDENCE SURPASSES THE PURPOSE INQUIRY, THE TRIAL JUDGE FAILED TO APPLY THE COFIELD FACTORS.

POINT II

AFTER THE INDICTMENTS WERE JOINED, THE JUDGE FAILED TO USE THE 404(B) MODEL CHARGE AND TELL THE JURY TO EVALUATE EACH INDICTED OFFENSE INDEPENDENTLY.

POINT III

THE STATE'S EYEWITNESS TESTIMONY WAS IMPERMISSIBLY STRENGTHENED BECAUSE THE JUDGE FAILED TO CAUTION THE JURY THAT EYEWITNESS RELIABILITY IS IMPAIRED WHEN THE SUSPECT WEARS A DISGUISE.

II.

Rule 3:15-1(a) provides that "[t]he court may order 2 or more indictments or accusations tried together if the offenses . . . could have been joined in a single indictment or accusation."  Rule 3:7-6 provides that

> [t]wo or more offenses may be charged in the same indictment or accusation . . . if the offenses charged are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan.  Relief from prejudicial joinder shall be afforded as provided by R. 3:15-2.

6

Where a defendant "is prejudiced by a . . . joinder of offenses . . . the court may order an election or separate trials of counts . . . or direct other appropriate relief." R. 3:15-2(b). The rule addresses the inherent

> danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all.
>
> [State v. Pitts, 116 N.J. 580, 601 (1989) (quoting United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939)).]

In addition, a jury may use the evidence of another crime to conclude defendant has a criminal propensity. State v. Reldan, 185 N.J. Super. 494, 502 (App. Div. 1982). Such an inference could lead the jury to "employ an entirely different . . . calculus of probabilities to determine the defendant's guilt or innocence." State v. Stevens, 115 N.J. 289, 303 (1989) (quotations omitted).

"The test for assessing prejudice is whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges." State v. Sterling, 215 N.J. 65, 73 (2013) (alteration in original) (quoting State v. Chenique-Puey, 145 N.J. 334, 341 (1996) (internal quotations omitted)).

N.J.R.E. 404(b) provides, in relevant part, as follows:

7

(b)     Other Crimes, Wrongs, or Acts.

(1)     Prohibited Uses.  Except as otherwise provided by Rule 608(b),[1] evidence of other crimes, wrongs, or acts is not admissible to prove a person's disposition in order to show that on a particular occasion the person acted in conformity with such disposition.

(2)     Permitted Uses.  This evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute.

The Supreme Court established four factors to be weighed when deciding if other crimes evidence is admissible under N.J.R.E. 404(b):

1.     The evidence of the other crime must be admissible as relevant to a material issue;

2.     It must be similar in kind and reasonably close in time to the offense charged;

3.     The evidence of the other crime must be clear and convincing; and

4.     The probative value of the evidence must not be outweighed by its apparent prejudice.

[State v. Cofield, 127 N.J. 328, 338 (1992).]

In addition, the other crimes evidence must be "necessary as proof of the disputed issue."  State v. Hernandez, 170 N.J. 106, 118-19 (2001).

---

[1]  Rule 608(b) is not applicable here.

A-0372-17T4

Defendant argues he was prejudiced by the joinder of the indictments because the State, in effect, used the evidence of each incident to show defendant had a propensity to commit shoplifting. He argues this is particularly true with respect to the use of the recording of the Bridgewater incident, where the proof of defendant's identification is arguably stronger, to provide his guilt in the Bernardsville incident, where the proof of identification is weaker.

Generally, we review the court's decision to join indictments for an abuse of discretion. Sterling, 215 N.J. at 73. However, our review is de novo where the court admits other crimes evidence without considering the four Cofield factors. State v. Darby, 174 N.J. 509, 518 (2001). Because the court did not issue findings of fact and conclusions of law when it granted the State's motion we undertake a de novo review.

After reviewing the record in light of these precedents, we conclude the court did not err by joining the indictments. Each of the four Cofield factors is supported by the record. First, evidence of each incident is relevant to a material issue in the trial of the other incident: defendant's identity.

The recording of the Bridgewater incident was relevant to the identity of the shoplifter in the Bernardsville incident because defendant was identified as the man in the Bridgewater recording through motor vehicle records of the car

he used to escape the scene and an in-court identification. An investigation identified the same car in the parking lot of the Bernardsville store on the day of incident and traced the car's occupant to the GameStop. In addition, the jury could use the Bridgewater recording to decide whether defendant was depicted in the Bernardsville recording by comparing the physical appearance, mannerisms, demeanor, and clothing of the suspect in both recordings.

The recording of the Bernardsville incident was relevant to the Bridgewater trial because the jury could compare the two recordings to decide if defendant was depicted in the Bridgewater recording. In addition, the Bernardsville evidence tied defendant to the car used in Bridgewater.

Second, the other crimes evidence was similar in kind. The recordings and in-court identifications related to shoplifting similar items from GameStop stores using similar techniques.

Third, the other crime evidence is clear and convincing. The recordings clearly and convincingly depict shoplifting. The in-court and out-of-court identifications clearly and convincingly identified defendant in both incidents.

Finally, the probative value of the other crimes evidence is not outweighed by potential prejudice to defendant. The evidence is highly probative of the identity of the man recorded shoplifting in both incidents. The Bridgewater

A-0372-17T4

evidence was essential to establishing defendant's identity in the Bernardsville incident. Without the identification of defendant through the Bridgewater recording, the investigator would not have identified his car in the Bernardsville parking lot or secured an out-of-court identification of defendant.

The Bernardsville evidence was less crucial to establishing identity in the Bridgewater incident, given the security officer's use of the license plate to identify defendant and the car rental employee's testimony. However, the Bernardsville evidence was probative in the Bridgewater trial because it gave the jurors additional evidence to determine if defendant was depicted in the Bridgewater recording.

## III.

During a jury charge conference with counsel, the court raised the question of whether the standard N.J.R.E. 404(b) limiting instruction – that the other crimes evidence could be used only to identify defendant as the man in the recordings and not prove criminal propensity, see State v. Blakney, 189 N.J. 88, 92-92 (2006) – should be given to the jury. The court and both counsel shared the view that the instruction was not necessary:

> THE COURT: You're going to concentrate on the two indictments that you have?

A-0372-17T4

[THE STATE]:[2]   Correct.

THE COURT:     So the evidence is going to relate to the two indictments that you have?

[THE STATE]:   Yes, Judge.

THE COURT:     Unless something happens in the defense part of this case that causes you to bring in some information with regard to 404[(b)] . . . .

[THE STATE]:   Yeah, that's the idea.

THE COURT:     Is that your understanding too?

[DEFENSE COUNSEL]:     Yes, it is Judge.

THE COURT:     Okay, so presently I don't need a 404[(b)] charge, because you're concentrating on the two indictments.  Because each of them are [sic] going to introduce elements of each of those separate counts in the indictment.

[DEFENSE COUNSEL]:     Correct.

THE COURT:     All right?

[THE STATE]:   Correct . . . .

Defendant's counsel expressly agreed with the State and the court that a N.J.R.E. 404(b) other crimes limiting instruction was not necessary.  Any error in the instruction, therefore, is an invited error.  Errors that were "induced,

---

[2]  The transcript twice mistakenly refers to defense counsel.

12

encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal . . . ." State v. Corsaro, 107 N.J. 339, 345 (1987) (alteration in original) (quoting State v. Harper, 128 N.J. Super. 270, 277 (App. Div. 1974)). Only an invited error that "cut[s] mortally into the substantive rights of the defendant" will be reviewed on appeal. State v. A.R., 213 N.J. 542, 562 (2013) (quoting Corsaro, 107 N.J. at 345). We see no basis to review defendant's invited error.

A N.J.R.E. 404(b) instruction would have reinforced that the evidence of the separate crimes could be used to identify defendant as the shoplifter in both incidents. Defense counsel may have made the strategic decision not to request the instruction in order to avoid highlighting that fact for the jury. We do not reward a litigant who, by error or strategic decision, fails to request an instruction. State v. Krivacska, 341 N.J. Super. 1, 43 (App. Div. 2001).

Even we do not preclude defendant from raising the argument, where "the defendant does not object to the charge at the time it is given, there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case." State v. Singleton, 211 N.J. 157, 182 (2012). "[T]he failure to object to a jury instruction requires review under the plain error standard." State v. Wakefield, 190 N.J. 397, 473 (2007).

13

As applied to a jury instruction, plain error requires demonstration of "legal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result."

[State v. Chapland, 187 N.J. 275, 289 (2006) (quoting State v. Hock, 54 N.J. 526, 538 (1969)).]

The mere possibility of an unjust result is not enough to warrant reversal of a conviction. State v. Jordan, 147 N.J. 409, 422 (1997). The error "must be evaluated in light 'of the overall strength of the State's case.'" State v. Walker, 203 N.J. 73, 90 (2010) (quoting Chapland, 187 N.J. at 289).

The court instructed the jury to separately consider the two charges:

Here there are two separate offenses in the indictment. These are separate counts of the indictment.

In your determination of whether the State has proven the [d]efendant guilty of the crimes charged in the indictment beyond a reasonable doubt, the [d]efendant is entitled to have each count considered separately, by the evidence which is relevant and material to that particular charge . . . .

We presume jurors follow instructions, State v. Loftin, 146 N.J. 295, 390 (1996), which "clearly convey[] the principle that the jury [is] prohibited from considering the cumulative impact of the evidence of all the offenses in

determining whether a particular charge had been proven." Krivacska, 341 N.J. Super. at 43.

In addition, the record contains strong evidence of defendant's guilt of each charge. The Bernardsville employee identified defendant in a photo array and in court as the shoplifter at her store. The Bridgewater employee identified defendant in court as the shoplifter at his store. The rental car employee identified defendant in court as the person who rented the car involved in both incidents. We cannot fairly say the trial court's failure to give a N.J.R.E. 404(b) instruction was plain error.

IV.

Finally, defendant argues the court erred by not instructing the jury the eyewitness testimony should be discounted because the shoplifter in both incidents used a disguise. Defense counsel invited the error about which defendant complains. During the charge conference, the court asked defense counsel if a disguise instruction was necessary:

> THE COURT:     Nobody's intoxicated, so we'll strike that. Disguises.
>
> [DEFENSE COUNSEL]:     No.
>
> THE COURT:     I don't think it's really a disguise, wearing a hat.

A-0372-17T4

[DEFENSE COUNSEL]: Wearing a hat, no.

. . . .

THE COURT: Is there anything else on the identity charge that you want me to go over?

[THE STATE]: I don't have anything.

[DEFENSE COUNSEL]: I don't either, Judge.

We see no basis in the record to conclude that this invited error should be reviewed on appeal. State v. A.R., 213 N.J. at 562. Nor, if we were to consider defendant's argument, does the record support a conclusion that the failure to give a disguise instruction had the clear capacity to bring about an unjust result. The jury was aware that it was to decide the credibility of the eyewitness identifications and that the suspect in the recordings was wearing a baseball cap. That a hat may affect the ability to make an accurate identification is not so technical or difficult a concept that jurors would not grasp it without specific instructions from the court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0372-17T4